UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN ANDERSON, #09021-041,

    Petitioner,

Case No. 18-cv-10292
Hon. Matthew F. Leitman

v.

J.A. TERRIS,

    Respondent.

_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Petitioner Shawn Anderson is currently confined at FCI Milan in the Eastern District of Michigan. In 1999, Anderson was convicted by jury in the District of Minnesota of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841, 846. (*See* Petition, ECF #1 at Pg. ID 1.) The trial court sentenced Anderson as a Career Offender under §4B1.1 of the United States Sentencing Guidelines ("USSG"). The court determined that Anderson qualified as a Career Offender because he had previously been convicted of at least two predicate "crimes of violence." Two of the predicate crimes of violence were state-court burglary convictions: one under Minnesota's Second Degree Burglary statute and one under Minnesota's Third Degree Burglary statute. (*See* PSR Excerpt, ECF #1 at Pg. ID 16-17.) The court sentenced Anderson to 360 months of imprisonment. (*See* Petition,

ECF #1 at Pg. ID 1.) The Eighth Circuit later affirmed Anderson's conviction and sentence. *See United States v. Anderson*, 236 F.3d 427, 428 (8th Cir. 2001).

In 2002, Anderson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the trial court (the "Section 2255 Motion"). *See Anderson v. United States*, 2003 WL 1883347, at *1 (D. Minn. Apr. 14, 2003). In the Section 2255 Motion, Anderson argued that he received ineffective assistance of counsel and that his conviction and sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* The trial court denied that motion. *See id.* at *5.

Anderson has now filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Petition, ECF #1.) The gist of Anderson's argument here is that (1) in light of the United States Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), his prior Minnesota burglary convictions do not qualify (and never qualified) as predicate "crimes of violence" under §4B1.1 and (2) accordingly, he should not have been sentenced as a Career Offender. As support for this argument, Anderson directed the Court to decisions of the United States Court of Appeals for the Eighth Circuit that, he claims, hold "that Minnesota's 1st, 2nd, and 3rd Degree Burglaries under Minnesota law do not qualify as 'crimes of violence' for federal sentencing enhancement purposes." (*See id.* at Pg. ID 5; citing *United States v. McArthur*, 850 F.3d 925, 940 (8th Cir. 2017) and *United States v. Walker*, 840 F.3d 477, 490 (8th Cir. 2016).)

Anderson's petition raises a number of challenging issues concerning the scope and availability of relief available under 28 U.S.C. § 2241. But the Court may not need to reach those issues because the Court's research has uncovered what may be an insurmountable obstacle for Anderson. That potential obstacle is the holding of the Eighth Circuit in *United States v. Benedict*, 855 F.3d 880 (8th Cir. 2017). In *Benedict*, the Eighth Circuit held that that even though, after *Mathis*, Minnesota third-degree burglary convictions no longer qualify as "violent felonies" for ACCA purposes, they *do* still qualify as "crimes of violence" under §4B1.1. *Id.* at 888-90. The Eighth Circuit explained that its divergent treatment of Minnesota burglary convictions stemmed from the fact that §4B1.1 still contains a so-called "residual clause," but the ACCA does not. *Id.* According to the court, application of §4B1.1's residual clause led to the conclusion that Minnesota burglary convictions qualify as "crimes of violence" under §4B1.1. *See id.*

In light of *Benedict*, it would appear that Anderson's burglary convictions *were* properly treated as predicate "crimes of violence" under §4B1.1 and that Anderson is thus *not* entitled to relief from his sentence.[1] But before the Court reaches a final conclusion in that regard, the Court wishes to give Anderson an

---

[1] Although *Benedict* addressed only a third-degree burglary under Minnesota law, its holding would appear to apply with equal force to a second degree burglary under Minnesota law.

opportunity to brief the issue and to permit the government to respond to Anderson's brief if it wishes to do so.

Next, if *Benedict* does not bar Anderson's claim, whether Anderson is entitled to relief whether may depend upon whether his current claims were "'foreclosed by binding precedent' at the time of his direct appeal and § 2255 motion." *Brown v. Caraway*, 719 F.3d 583, 595 (7th Cir. 2013) (quoting *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012)). The "foreclosed by binding precedent" standard has been applied by the United States Court of Appeals for the Seventh Circuit, and in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit adopted the Seventh Circuit's framework for evaluating § 2241 petitions like Anderson's. The Court wishes to give Anderson an opportunity to argue (1) that he is not required to show that his claims were previously foreclosed by binding precedent and (2) assuming that he must make that showing, that the claims were foreclosed by binding precedent at the time of his direct appeal and Section 2255 Motion.

Accordingly, **IT IS HEREBY ORDERED** that Anderson shall file a supplemental brief setting forth any arguments he may have as to (1) why *Benedict* does not preclude the relief he seeks, (2) why he is not required to show that his current claims were foreclosed by binding precedent at the time of his direct appeal and Section 2255 Motion, and (3) that his current claims were foreclosed by binding

4

precedent at the time he filed his direct appeal and Section 2255 Motion. Anderson shall file his brief by not later than **June 29, 2018**, and the brief **shall not exceed fifteen pages**. The government may file a response to Anderson's supplemental brief by not later than **July 20, 2018**. The government's response **shall not exceed fifteen pages.**

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 23, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764