UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN ANDERSON, #09021-041,

      Petitioner,

v.

J.A. TERRIS,

      Respondent.

_____/

Case No. 18-cv-10292
Hon. Matthew F. Leitman

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (ECF #1)

Petitioner Shawn Anderson is a federal prisoner currently confined at FCI Milan in the Eastern District of Michigan. Anderson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241") challenging the legality of his sentence. For the reasons explained below, Anderson is not entitled to the relief he seeks. Accordingly, the Court **DENIES** his petition.

**I**

**A**

On November 9, 1999, a jury in the United States District Court for the District of Minnesota convicted Anderson of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841, 846. *See Anderson v. United States*, 2003 WL 1883347, at *1 (D. Minn. Apr. 14, 2003). At sentencing, the district

court determined that Anderson qualified as a "career offender" under Section 4B1.1 of the United States Sentencing Guidelines (the "Guidelines") because he had two prior felony convictions for "crime[s] of violence," as that term was then defined in Section 4B1.2 of the Guidelines.[1] (*See* Petition, ECF #1 at Pg. ID 3.) Anderson's two convictions for crimes of violence were: (1) a 1991 conviction for Felony Burglary Second Degree under Minnesota law and (2) a 1993 conviction for Felony Burglary Third Degree under Minnesota law.[2] (*See* Presentence Investigation Report, attached to ECF #1 at Pg. ID 19.) The court further determined that Anderson's total offense level under the Guidelines was 37 and that his criminal history was level VI. (*See id.* at Pg. ID 11, 19.) The court imposed a within-Guidelines sentence of 360 months imprisonment. *See Anderson*, 2003 WL 1883347, at *1. The United States Court of Appeals for the Eighth Circuit later affirmed Anderson's conviction and sentence. *See United States v. Anderson*, 236 F.3d 427 (8th Cir. 2001), reh'g denied 257 F.3d 924 (8th Cir. 2001).

In 2002, Anderson filed a Motion to Vacate, Set Aside, Grant a New Trial, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") with the Minnesota district court. *See Anderson*, 2003 WL 1883347, at *1. In Anderson's Section 2255

---

[1] The definition of "crime of violence" in the applicable version of Section 4B1.2 is set forth below in Section III(B)(1).

[2] Respondent does not dispute that the sentencing court sentenced Anderson as a "career offender," nor does he dispute that Anderson's career-offender status rested upon the two Minnesota burglary convictions identified in text above.

petition,[3] he argued that he received ineffective assistance of counsel and that the sentencing court sentenced him in violation of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* The district court denied Anderson relief. *See id.* at *5.

**B**

On January 23, 2018, while in custody at FCI Milan, Anderson filed his petition for writ of habeas corpus pursuant to Section 2241 that is now before this Court. (*See* Petition, ECF #1.) In Anderson's Section 2241 petition, he contends that the sentencing court wrongly determined that his prior Minnesota burglary offenses constituted "crimes of violence" and wrongly sentenced him as a "career offender" under the Guidelines.

Anderson recognizes that (as described in more detail below) a federal prisoner must ordinarily mount a collateral attack on the lawfulness of his sentence under Section 2255, rather than under Section 2241, and that a federal prisoner may collaterally attack the legality of his sentence under Section 2241 only if he satisfies the so-called "savings clause" of Section 2255(e).[4] Anderson contends that he may

---

[3] The Court recognizes that Anderson filed a "motion," not a "petition" under Section 2255. However, for ease of reference and readability, it will refer to Anderson's Section 2255 filing in the Minnesota district court as a "petition."

[4] Section 2255(e) – with the "savings clause" language in italics – provides as follows: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it*

challenge the legality of his sentence in his Section 2241 petition because he satisfies the test for proceeding under the savings clause set forth in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). The *Hill* test considers, among other things, whether a prisoner's sentence is unlawful.[5] Anderson offers a four-step argument as to why his sentence as a "career offender" was unlawful:

> Step 1: "In order to be sentenced as a career offender under [Section] 4B1.1, the defendant must have two predicate convictions for a 'crime of violence' or a controlled substance offense," as defined in Section 4B1.2. (Petition, ECF #1 at Pg. ID 4.)

> Step 2: In *Mathis v. United States,* 136 S.Ct. 2243 (2016), the Supreme Court held "that a predicate conviction does not qualify as the generic form of a predicate 'violent felony' offense if an element of the crime is broader than the generic offense because the crime of conviction enumerates various alternatives *means* of satisfying a single element." (*Id*.; emphasis in original; quoting *Mathis*, 136 S.Ct. at 2251.)

> Step 3: The Eighth Circuit has recently concluded, in light of *Mathis*, that convictions under "Minnesota's 1st, 2nd, and 3rd Degree Burglaries under Minnesota law do not qualify as 'crimes of violence'" under Section 4B1.2 (*Id.* at Pg. ID 5; citing *United States v. McArthur*, 850 F.3d 925, 940 (8th Cir. 2017) and *United States v. Walker*, 840 F.3d 477, 490 (8th Cir. 2016).)

> Step 4: The Eighth Circuit's recent decisions compel the conclusion that the Minnesota district court should not have sentenced him as a "career offender" under Section 4B1.1 because his prior Minnesota burglary convictions do not qualify (and never qualified) as predicate "crimes of violence" under Section 4B1.2.

---

*also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added).

[5] The *Hill* test is discussed in more detail in Section II, *infra*.

Anderson asks the Court to "vacate his career offender enhanced sentence and remand the case back to his sentencing court in the District of Minnesota for resentencing." (*Id.* at Pg. ID 7.)

Respondent counters that the Court should dismiss Anderson's petition. He argues that Anderson cannot satisfy the test for relief in *Hill* and therefore may not challenge the validity of his sentence under Section 2241. (*See* Respondent's Resp. Br., ECF #5.)

On May 23, 2018, the Court entered an order directing the parties to submit supplemental briefing on the effect, if any, of the Eighth Circuit's decision in *United States v. Benedict*, 855 F.3d 880, 888-90 (8th Cir. 2017), on Anderson's petition. (*See* ECF #7.) In *Benedict*, the Eighth Circuit held that even after *Mathis*, the offense of third-degree burglary under Minnesota law *still* amounted to a "crime of violence" under the version of Section 4B1.2 in effect when Anderson was sentenced. Anderson and Respondent subsequently filed supplemental briefs on this issue. (*See* Anderson's Supp. Br., ECF #8; Anderson's Notice of Supp. Authority, ECF #9; Respondent's Supp. Br., ECF #12.)

## II

Sections 2241 and 2255 are "two paths federal habeas petitioners can go by" when attacking their sentences. *Hill v. Sepanek*, 2017 WL 73338, at *2 (E.D. Ky. Jan. 6, 2017). "Section 2255 is the primary avenue for relief for federal prisoners

protesting the *legality* of their sentence, while [Section] 2241 is appropriate for claims challenging the *execution or manner* in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (emphasis added). "However, a federal prisoner may also challenge the validity of his … sentence under [Section] 2241 if [Section] 2255 is 'inadequate or ineffective to test the legality of his detention,' according to the 'savings clause' of 28 U.S.C. § 2255." *Id.* (quoting 28 U.S.C. § 2255(e)).

In *Hill*, the United States Court of Appeals for the Sixth Circuit addressed the showing that a petitioner challenging a sentencing enhancement in a Section 2241 petition must make in order to bring his petition within the savings clause of Section 2255. The court noted that it had "no published precedent" on this difficult question. *Hill*, 836 F.3d at 595. It therefore looked to and adopted the test "set out by [its] sister circuits." *Id.* Specifically, the court adopted the three-part test applied by the Seventh Circuit. *See id.* (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Under that test, "[w]hen seeking to petition under [Section] 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial [Section] 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.*

**III**

Anderson is not entitled to relief under *Hill*. He arguably satisfies the first two prongs of the *Hill* test (which are procedural in nature). However, he cannot satisfy the third (more substantive) prong of that test because notwithstanding *Mathis*, the Minnesota district court properly sentenced him as a "career offender."

**A**

The Sixth Circuit's unpublished orders in *Sutton v. Quintana*, 2017 WL 4677548 (6th Cir. July 12, 2017) and *Dowell v. Quintana*, 2017 U.S. App. LEXIS 23409, at *5 (6th Cir. Nov. 17, 2017), suggest that Anderson's claim for relief based upon *Mathis* satisfies the first two prongs of the *Hill* test. The two district courts in those cases dismissed Section 2241 petitions in which petitioners challenged their sentences under *Mathis*. The district courts concluded "that [Section] 2241 was the wrong vehicle for challenging the length of [a] sentence." *Sutton*, 2017 WL 4677548, at *1; *see also Dowell*, 2017 U.S. App. LEXIS 23409, at *3. The Sixth Circuit reversed both district court rulings.

The Sixth Circuit held that the petitioners should have been able to present their *Mathis* claims in their Section 2241 petitions. As to the first element of the *Hill* test, the court held that *Mathis* is a "case of statutory interpretation." *Sutton,* 2017 WL 4677548, at *2; *Dowell,* 2017 U.S. App. LEXIS, at ** 4-5. As to the second element, the court held that *Mathis* "applies retroactively" and that it was "not

7

available" to the petitioners because they filed their Section 2255 petitions before the Supreme Court decided *Mathis. Id.*

Respondent does not acknowledge the Sixth Circuit's orders in *Sutton* and *Dowell* in any of his briefing. Instead, he contends that Anderson's claim for relief under *Mathis* does not satisfy the second element of the *Hill* test – that asks whether the rule in *Mathis* was available when Anderson filed his Section 2255 petition – because *Mathis* is an "old rule." (*See* Respondent's Resp. Br., ECF #5 at Pg. ID 28-29, quoting *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017).) An "old rule" is one that is one that was "dictated by precedent," *In re Conzelmann*, 872 F.3d at 376, and Respondent appears to argue that since the rule in *Mathis* was compelled by precedent, the rule was necessarily available to Anderson – and could have been invoked by Anderson in a Section 2255 petition – before the Supreme Court decided *Mathis*.

This is a serious argument that may have some real merit. The Supreme Court in *Mathis* suggested that its holding was dictated, in large part, by its earlier decision in *Taylor v. United States*, 495 U.S. 575 (1990). *See Mathis*, 136 S.Ct. at 2251 ("Taylor set out the essential rule … more than a quarter century ago."); *see also id* at 2251-52 (repeatedly citing, quoting, and relying upon *Taylor*). Notably, the Supreme Court decided *Taylor* almost ten years *before* Anderson filed his initial Section 2255 petition. Because the rule in *Mathis* was arguably "dictated" by

*Taylor*, and because *Taylor* was decided well before Anderson sought relief under Section 2255, there may be a basis on which to conclude that Anderson could have included in his Section 2255 petition an argument based upon the rule announced in *Mathis*. Simply put, since *Mathis* arguably broke no new ground beyond *Taylor*, there is reason to believe that Anderson could have included in his Section 2255 petition a *Mathis*-like challenge to his sentence. However, for purposes of ruling on Anderson's current, Section 2241 petition, the Court need not – and does not – resolve the thorny question of whether Anderson could have invoked the rule in *Mathis* in his earlier-filed Section 2255 petition.

Based upon the Sixth Circuit's orders in *Sutton* and *Dowell*, the Court will assume, without deciding, that Anderson can satisfy the first two requirements for relief under *Hill,* and the Court will address third prong of the *Hill* test (which focuses on the merits of Anderson's *Mathis* claim). As explained below, Anderson has failed to satisfy that element of the *Hill* test because his *Mathis*-based attack on his sentence fails on the merits.

**B**

**1**

In order to satisfy the third element of the *Hill* test, Anderson must show that he is subject to a "misapplied sentence" that "presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595.

He has failed to do so. It may be true, as Anderson argues, that *Mathis* eliminated one basis on which his prior convictions qualified as "crimes of violence" under the version of Section 4B1.2 in effect at the time of his sentencing. But under that version of Section 4B1.2, there was a second basis on which Anderson's prior convictions were properly treated as "crimes of violence," and *Mathis* did not disturb that second basis for treating the convictions as "crimes of violence." Accordingly, Anderson's sentence remains lawful even after *Mathis*, and Anderson is not the victim of a "misapplied sentence." *Id.*

**2**

The Minnesota district court held that Anderson was a "career offender" under the 1998 version of Section 4B1.1.[6] (*See* Presentence Investigation Report, attached to ECF #1 at Pg. ID 10.) Under that version of Section 4B1.1 (which would apply to any resentencing of Anderson[7]), a defendant qualified as a "career offender" if, among other things, the defendant had "at least two prior felony convictions of … a

---

[6] The Minnesota district court sentenced Anderson prior to the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Before *Booker*, the Guidelines were "mandatory and impose[d] binding requirements on all sentencing judges." *Booker*, 543 U.S. at 232. Following *Booker*, the Guidelines are now advisory.

[7] See *United States v. Taylor*, 648 F.3d 417, 423 (6th Cir. 2011) (explaining that "a district court at resentencing must apply the version of the Guidelines in effect at the defendant's original sentencing but that the resulting Guidelines range is, as *Booker* requires, only advisory.").

crime of violence," as defined in Section 4B1.2. The version of Section 4B1.2 in effect at that time defined a "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The portion of the definition referring to the elements of the underlying crime is known as the "elements clause." The portion that identifies specific offenses – such as "burglary of a dwelling" – is known as the "enumerated offenses clause." The portion concerning crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."

As Anderson correctly notes, following *Mathis*, the Eighth Circuit held that second- and third-degree burglary offenses under Minnesota law do not qualify as "crimes of violence" *under the enumerated offenses clause* because those offenses sweep more broadly than "generic" burglary. *See United States v. Walker*, 840 F.3d 477, 489-91 (8th Cir. 2016) (second degree burglary under Minnesota law); *United States v. McArthur*, 850 F.3d 925, 938-40 (8th Cir. 2017) (third degree burglary

under Minnesota law). But Anderson wrongly concludes that after these decisions, his burglary offenses cannot qualify as "crimes of violence."

**3**

Even though, after *Mathis*, Anderson's burglary offenses no longer qualify as "crimes of violence" under the enumerated offenses clause, they still qualify as "crimes of violence" under the residual clause that was in effect at the time of his sentencing. That is precisely what the Eighth Circuit held in *Benedict*, *supra*. In *Benedict*, the Eighth Circuit acknowledged its prior holding – in *McArthur, supra* – "that Minnesota's third degree burglary statute is not a violent felony under the enumerated [offenses] clause […] because its definition is broader than generic burglary." *Benedict*, 853 F.3d at 890. But the court in *Benedict* explained that the defendant's "prior conviction for third degree burglary [nonetheless] qualifies as a crime of violence *under the residual clause of the guidelines*" because burglary (as defined under Minnesota law) presents a serious potential risk of physical injury to another. *Id.* (emphasis added). The court in *Benedict* cited, relied upon, and implicitly reaffirmed the continuing vitality of its prior decisions holding that burglary under Minnesota law constitutes a "crime of violence" under the residual clause that was in effect when Anderson was sentenced. *See id*. at 889-90 (citing *United States v. Stymiest*, 581 F.3d 759, 768 (8th Cir. 2009) and *United States v. Cantrell*, 530 F.3d 684, 695 (8th Cir. 2008)).

In sum, *Benedict* makes clear that Anderson's prior Minnesota burglary convictions were properly treated as "crimes of violence" under the version of the residual clause that was in effect at the time Anderson was sentenced and that the sentencing court properly sentenced him as a "career offender." Because Anderson has failed to show that he is the subject of a misapplied sentence, he has failed to satisfy the third element of the *Hill* test. He is therefore not entitled to relief under *Hill*.

**4**

Anderson offers three primary arguments as to why the Court should nonetheless conclude that his prior burglary offenses did not constitute "crimes of violence" under the residual clause in effect at his sentencing. The Court respectfully rejects all three.

First, Anderson urges the Court not to rely upon *Benedict* and not to consider whether his Minnesota burglary convictions qualify as "crimes of violence" under the residual clause because Respondent did not raise this issue. Anderson insists that the Court "should not, *sua sponte*, invoke affirmative defenses" on Respondent's behalf. (Anderson Supp. Br., ECF #8 at Pg. ID 44.) But whether Anderson's burglary offenses qualify as "crimes of violence" under the residual clause is not in the nature of an "affirmative defense." On the contrary, this matter goes to the heart of Anderson's own affirmative burden. Indeed, he is entitled to

13

relief under Section 2241 if and only if he affirmatively establishes that he was wrongfully sentenced as a "career offender." *See Hill*, 836 F.3d at 595 (requiring habeas petitioner seeking relief under Section 2241 to show that he was subject to a "misapplied sentence"). Thus, even if a court should not raise affirmative defenses *sua sponte*, that rule would not prevent this Court from considering *Benedict's* impact on Anderson's right to relief. Moreover (and in any event), *Benedict* plainly shows that Anderson is not entitled to relief, and the Court is not willing to grant relief that is substantively unwarranted on the ground that Respondent did not raise the issue.[8]

Second, Anderson argues that the residual clause in effect when he was sentenced should not apply to him because the Sentencing Commission amended the Guidelines to eliminate that clause, *see* U.S.S.G. app. C, amend, 798, and he says that that amendment applies retroactively to him. That argument is inconsistent with Eighth Circuit and Sixth Circuit precedent. *See Benedict*, 855 F.3d at 889-90 ("Although the Sentencing Commission removed the residual clause from U.S.S.G. § 4B1.2(a)(2), *see* U.S.S.G. app. C, amend, 798, we apply it here because both of these defendants were sentenced in 2014 [*i.e.*, before the amendment]."); *United States v. Jackson*, __ F.3d __, 2018 WL 4039623 (6th Cir. Aug. 24, 2018) (holding

---

[8] The Court gave Anderson a full opportunity to brief this issue and persuade the Court that *Benedict* did not bar habeas relief under Section 2241. As demonstrated here, the Court carefully considered Anderson's arguments and finds them lacking.

that amendment eliminating the residual clause does not apply retroactively and that

the clause could be applied to defendant sentenced before amendment).

Finally, Anderson insists that the residual clause in effect when was he was

sentenced – during the pre-*Booker* mandatory guidelines regime – is void for

vagueness and thus invalid under the Due Process Clause of the Fifth Amendment.

In support of this argument, Anderson relies upon *Johnson v. United States*, 135

S.Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the

Armed Career Criminal Act, 18 U.S.C. § 924, was void for vagueness.

The Court is not persuaded that Anderson may now raise this constitutional

challenge to the residual clause in either his Section 2241 petition or in a successive

petition under Section 2255.  A collateral challenge to a sentence based upon

constitutional grounds is brought under Section 2255. *See Peterman*, 249 F.3d at

461.  That section provides that a defendant may invoke a new rule of constitutional

law in a second or successive petition only if the rule has been "made retroactive to

cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2).  Notably,

the Supreme Court has not yet held that the residual clause of the prior, mandatory

version of the Guidelines is void for vagueness, much less made such a rule

retroactive to cases on collateral review.  On the contrary, in the Supreme Court's

recent decision upholding the residual clause of the now-advisory Guidelines against

a vagueness challenge, the Supreme Court took "no position" on whether the clause

in the previous, mandatory version of the Guidelines could survive such a challenge. *Beckles v. United States*, 137 S.Ct. 886, 903 n. 4 (2017) (Sotomayor, J., concurring in the judgment). Thus, it is an "open question" whether the residual clause of the mandatory version of the Guidelines is void for vagueness. *Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017). Accordingly, the vast majority of circuit courts of appeals to consider the issue – including the Sixth Circuit in *Raybon* – have held that a *Johnson*-based vagueness challenge to the residual clause in the previous, mandatory version of the Guidelines may not be presented in a successive Section 2255 petition. *See United States v. Green*, 898 F.3d 315, 321-22 (3d Cir. 2018) (collecting cases).[9] At this time, Anderson cannot escape application of the residual clause by mounting a constitutional void-for-vagueness challenge against it.

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Anderson's petition for a writ of habeas corpus (ECF #1) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 9, 2018

---

[9] Anderson directs the Court to the Seventh Circuit's contrary holding in *Cross v. United States*, 892 F.3d 298, 293-94 (7th Cir. 2018) (allowing habeas petitioner to challenge residual clause of the previous, mandatory version of the Guidelines in a successive Section 2255 petition and striking down clause as void for vagueness). *Cross* is inconsistent with the Sixth Circuit's decision in *Raybon*, *supra*, and has been subject to criticism by the Third Circuit. *See Green*, 898 F.3d at 322. The Court follows *Raybon* and *Green*, not *Cross*.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764